The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| THROUGHPUTER, INC., | |
| Plaintiff | NO. 2:22-cv-00344-BJR |
| v. | **MICROSOFT'S MOTION TO STAY PENDING INTER PARTES REVIEW** |
| MICROSOFT CORPORATION, | |
| Defendant | |

MICROSOFT'S MOTION TO STAY
PENDING INTER PARTES REVIEW
Case No. 2:22-cv-00344-BJR

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

**Table of Contents**

I.   INTRODUCTION ................................................................................................................ 1

II.  LEGAL STANDARD ......................................................................................................... 1

III. FACTUAL AND PROCEDURAL BACKGROUND......................................................... 2

IV. ARGUMENT ..................................................................................................................... 4

    1.  A stay will simplify the issues in the case.............................................................. 5

    2.  The early stage of this case weighs in favor of a stay. .......................................... 7

    3.  ThroughPuter will not be unduly prejudiced by a stay. ........................................ 8

V.  CONCLUSION................................................................................................................... 9

MICROSOFT'S MOTION TO STAY         i          FISH & RICHARDSON P.C.
PENDING INTER PARTES REVIEW                                      1400 112TH AVE. SE, SUITE 100
Case No. 2:22-cv-00344-BJR                                                        BELLEVUE, WA 98004
                                                                                            TEL (650) 839-5070

## I. INTRODUCTION

This case was originally filed in March 2021 in the Eastern District of Virginia, and was recently transferred here under 28 U.S.C. § 1404. Microsoft seeks a stay of this case pending the outcome of the petitions it has filed for *inter partes review* (IPR) on five of the nine Asserted Patents in this case. Although Microsoft did not file for IPR on four of the Asserted Patents, those patents are closely related to the patents subject to IPR and a favorable determination by the PTAB will affect the remaining patents. Granting a stay would eliminate potential wasted judicial resources by forcing parties to litigate patent claims that may be found unpatentable by the PTAB or negatively impacted by the PTAB's determinations.

A stay is appropriate if it will simplify the issues in question and trial of the cases, if the stage of the litigation is early, and if it does not unduly prejudice the non-moving party. All three of these factors weigh in favor of a stay here. The potential of streamlining this case from nine patents to four or less undoubtedly may simplify the issues before the Court. This case is at the very earliest stages of discovery and no schedule has been entered, so granting a stay will not impact any case deadlines or the substantial discovery that remains ahead in this case. As Microsoft's IPR petitions already are on file, they will be resolved in 15–17 months; short enough that it will not unduly prejudice ThroughPuter. Additionally, since ThroughPuter does not practice the Asserted Patents, it will not suffer harm in the market.

Microsoft respectfully requests that the Court order a stay in this case pending the resolution of its five IPR petitions.

## II. LEGAL STANDARD

"Courts in the Ninth Circuit often grant stays pending the IPR process in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO reexamination or reissuance proceedings." *Amazon.com, Inc. v. Uniloc USA, Inc.*, Case No. C17-1307JLR, 2018 WL 9633490 (W.D. Wash. Feb. 15, 2018) at *1 (internal quotations omitted). In determining

MICROSOFT'S MOTION TO STAY
PENDING INTER PARTES REVIEW
Case No. 2:22-cv-00344-BJR

1

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

whether to grant a stay pending the outcome of an IPR petition, courts consider "(1) whether a stay will simplify the issues in question and the trial of the cases, (2) whether discovery is complete and whether ... trial dates have already been set, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party." *SRC Labs, LLC v. Microsoft Corp.*, No. C18-0321JLR, 2018 WL 6065635, at *2 (W.D. Wash. Nov. 20, 2018) (internal quotations omitted). Courts apply this analysis whether an IPR petition is pending or has been granted, with the moving party bearing the burden that a stay is appropriate. *Id.* at *2.

### III. FACTUAL AND PROCEDURAL BACKGROUND

There are nine patents asserted in this case, and as shown in the table below, many are related.[1] Microsoft filed IPR on five of the nine asserted patents.

| Asserted Patent | IPR Filing Date |
|---|---|
| **Patent Family A – Claims Priority to U.S. Patent Application No. 13/717649** | |
| 9,424,090 | February 4, 2022 |
| 9,632,833 | February 4, 2022 |
| **Patent Family B – Claims Priority to U.S. Patent Application No. 13/684,473** | |
| 10,963,306 | March 30, 2022 |
| 10,620,998 | n/a |
| 10,437,644 | n/a |
| 10,310,902 | n/a |
| 10,133,599 | n/a |
| 10,430,242 | April 4, 2022 |
| **Patent Family C – Claims Priority to U.S. Patent Application No. 14/318,512** | |
| 10,318,353 | February 11, 2022 |

The four patents that Microsoft has not challenged in IPR ("Unchallenged Patents") are related to the '242 and '306 patents, which are subject to IPR. Microsoft did not need to file IPRs on the Unchallenged Patents because if the PTAB determines that the '242 patent is unpatentable

---

[1] United States Patent Nos. 9,424,090 (the "'090 Patent"); 9,632,833 (the "'833 Patent"); 10,133,599 (the ""599 Patent"); 10,310,902 (the "'902 Patent"); 10,318,353 (the "'353 Patent"); 10,430,242 (the "'242 Patent"); 10,437,644 (the "'644 Patent"); 10,620,998 (the "'998 Patent"); and 10,963,306 (the "'306 Patent").

then the same reasoning would apply to the Unchallenged Patents—creating a swift path to invalidity in this Court and the end of the case.

Despite being filed more than year ago, this case is in its infancy. No scheduling order was entered when the case was pending in Virginia, the court there never ruled on the merits of Microsoft's partial motion to dismiss, and a schedule has not yet been issued in this Court.[2] The parties engaged in a Rule 26(f) conference in July 2021 and have exchanged one round of document requests and interrogatories. Both parties produced documents in October 2021. In its discovery responses, Microsoft was clear that the Accused Product, Microsoft Azure, does not function in the way that ThroughPuter alleged in its Complaint and it does not infringe the Asserted Patents.

ThroughPuter has yet to provide detailed infringement contentions. The Eastern District of Virginia does not have patent rules that require plaintiffs to submit infringement contentions. However, in response to an infringement contention interrogatory, ThroughPuter simply parroted the allegations pled in its Complaint, which is insufficient to meet the infringement contention requirement in this Court. To date, ThroughPuter has not provided detailed infringement contentions sufficient for Microsoft to ascertain how it believes Microsoft infringes the Asserted Patents, which is a necessary step in the beginning of a patent case.

No depositions have been taken. ThroughPuter noticed the personal deposition of a single Microsoft employee in February 2022, but Microsoft believes this notice is premature in light of ThroughPuter's deficient infringement allegations. The parties have met and conferred on this issue and were at an impasse in Virginia, although the issue was not raised to the Virginia Court.

---

[2] Because it granted the transfer motion, the Virginia Court deferred ruling on Microsoft's 12(b)(6) motion to this Court. *ThroughPuter, Inc. v. Microsoft Corp.*, Case no. 3:21-cv-00216-MHL, Dkt. No. 62 (E.D.Va. March 23, 2022).

| | | |
|---|---|---|
| MICROSOFT'S MOTION TO STAY PENDING INTER PARTES REVIEW<br>Case No. 2:22-cv-00344-BJR | 3 | FISH & RICHARDSON P.C.<br>1400 112TH AVE. SE, SUITE 100<br>BELLEVUE, WA 98004<br>TEL (650) 839-5070 |

Microsoft believes this issue is moot now that ThroughPuter must comply with this Court's infringement contention requirement.

ThroughPuter recently filed another lawsuit against Microsoft, asserting two patents in the same patent families at issue here. Accordingly, because there is substantial overlap in parties and issues, that case should be consolidated with this one and also stayed. *See ThroughPuter, Inc. v. Microsoft Corp.*, Case No. 2:22-cv-00492, Dkt. No. 1 (W.D. Wash. Apr. 13, 2022).

**IV.    ARGUMENT**

While the Court has discretion to determine whether to grant a stay pending the outcome of the IPR petitions Microsoft has filed, the Court should not be dissuaded from doing so merely because Microsoft's IPR petitions have not yet been instituted, as courts in this jurisdiction have readily granted pre-institution stays. *See, e.g., New World Med. Inc. v. MicroSurgical Tech. Inc.*, No. 220CV01621RAJBAT, 2021 WL 952456, at *3 (W.D. Wash. Feb. 18, 2021), *report and recommendation adopted*, No. 220CV01621RAJBAT, 2021 WL 949382 (W.D. Wash. Mar. 12, 2021) (granting a stay pending IPR institution, noting that "pre-institution stays are 'not uncommon'"); *Nat'l Prods., Inc. v. Akron Res., Inc.*, No. 15-1984JLR, Dkt. No. 66 (W.D. Wash. Oct. 14, 2016) (granting a stay pending IPR institution). Courts here have dismissed assertions that motions for pre-institution stays are premature, holding that any such concern "is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if *inter partes review* is not instituted for all of the asserted claims." *Nat'l Prods.*, No. 15-1984JLR, Dkt. No. 66 at 7. Regardless of whether a motion for a stay pending IPR is filed pre- or post-institution, courts still perform the same three-factor analysis: (1) whether a stay will simplify the issues in question and trial of the cases, (2) the stage of the litigation, and (3) whether the stay will unduly prejudice the non-moving party. *Id.* at 6 ("[T]his court—and other courts in this circuit—apply

MICROSOFT'S MOTION TO STAY
PENDING INTER PARTES REVIEW
Case No. 2:22-cv-00344-BJR

4

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

the three-factor framework from *Pacific Bioscience* regardless of whether an IPR petition is pending or has been granted."). All three factors here weigh in favor a stay.

### 1. A stay will simplify the issues in the case.

A stay will undoubtedly simplify the issues in this case. ThroughPuter has asserted nine patents and Microsoft has filed IPRs on five of them. For any patent where IPR is instituted Microsoft has stipulated that it will not present the same invalidity grounds in this Court as it did in the IPR proceedings. This ensures a simplification of issues if even one of the five IPRs are instituted. Moving forward with the case now will require the parties to spend time developing, or preparing a defense against, those theories that may ultimately be removed from the case, even if the IPRs are ultimately unsuccessful.

Courts in this district have relied on PTO statistics to determine if a pre-IPR stay will help simplify litigation. *See, e.g., SRC Labs, LLC v. Microsoft Corp.*, No. C18-0321JLR, 2018 WL 6065635, at *3 (W.D. Wash. Nov. 20, 2018) (citing *Nat'l Prods., Inc. v. Akron Res., Inc.*, No. 15-1984JLR (W.D. Wash. Oct. 14, 2016); *Pac. Biosciences Lab'ys, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061 (W.D. Wash. 2011)). The likelihood of IPR being instituted on some or all of these patents is high. Historically, the PTAB institutes 60% of IPR petitions on average. *See* Ex. A, PTAB AIA February 2022 Statistics, at 6. Further, the subject matter of the Asserted Patents as "electrical/computer" technology, also lends itself to institution, having a 62% institution rate over the last year. *See id.* at 9. Thus, based on the historical statistics it is more likely than not that the PTAB will institute IPR on the subject patents. And for petitions that make it to final written decision, the PTAB is more likely than not to find at least some claims unpatentable:

MICROSOFT'S MOTION TO STAY  
PENDING INTER PARTES REVIEW  
Case No. 2:22-cv-00344-BJR

5

FISH & RICHARDSON P.C.  
1400 112TH AVE. SE, SUITE 100  
BELLEVUE, WA 98004  
TEL (650) 839-5070



Ex. B, PTAB AIA Trial Statistics Sept. 2021, at 11.  In view of the likelihood that the PTAB will first institute IPR on some or all of the patents for which Microsoft has filed petitions, and second, find some or all of the claims unpatentable, a stay is warranted.

Further, the validity issues asserted in Microsoft's IPR petitions are likely to simplify the issues in the case because if all of the claims challenged in Microsoft's IPRs are found unpatentable then this case would narrow from nine patents to four or less.  For each of the five challenged patents, the IPR petitions challenge all of the claims asserted for infringement in this action.[3]

---

[3] The '833 IPR petition challenges claims 10, 13–15, 17–22, 24–25, 27, 29, 32–34 and 37 of the '833 Patent, as compared to Asserted Claims 10, 13–15, 17–19, 21–22, 24–25, 27, 29, 32–24. The '353 IPR petition challenges claims 1, 2, 8–14, 21–24 of the '353 Patent, as compared to Asserted Claims 1–2 and 8–14.  The '306 IPR petition challenges claims 1–24 of the '306 Patent, as compared to Asserted Claims 1, 4-7.  The '242 IPR petition challenges claims 1–23 of the

MICROSOFT'S MOTION TO STAY
PENDING INTER PARTES REVIEW
Case No. 2:22-cv-00344-BJR

6

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

Further, if the '242 Patent claims are found unpatentable, Microsoft will seek to move this Court to adopt and apply the PTAB's findings to the Unchallenged Patents and render them invalid.[4,5] Thus, Microsoft's IPRs have the potential to resolve all of the Asserted Patents—not just those it has directly challenged in IPR.

As such, a stay pending the outcome of the IPR petitions has a great likelihood of simplifying the issues in this case and this factor weighs in favor of a stay.

### 2. The early stage of this case weighs in favor of a stay.

Second, the stage of this litigation also weighs in favor of a stay. "The proper time to measure the stage of the litigation is at the date of the filing of the motion to stay." *SRC Labs,* 2018 WL 6065635, at *4 (W.D. Wash. Nov. 20, 2018) (internal quotations omitted). This case is in the very early stages of discovery and a motion to dismiss is still pending. While the parties have engaged in limited document production and written discovery, only one deposition has been noticed and none have been taken, proper infringement contentions have yet to be served, and the claim construction process has not begun. This case is in such an early stage that there isn't even a scheduling order. *SRC Labs*, 2018 WL 6065635, at *4 ("[T]he fact that substantial additional discovery, claim construction, and other issues lie ahead in this case weighs in favor of a stay."); *see also New World Med. Inc.*, 2021 WL 952456, at *2 (granting a stay where no written discovery had been conducted and no scheduling order had been entered, noting that "[g]iven the early stage

---

'242 Patent, as compared to Asserted Claims 1–3, 6–7, 9–10, 12, 14–20 and 23. The '090 IPR petition challenges claims 1–7 and 9–15 of the '090 Patent, as compared to Asserted Claims 1–7 and 10–15.

[4] *See* the chart above in Section III, reflecting that the Unchallenged Patents and the '242 and '306 Patents belong to the same patent family, as they all claim priority to U.S. Patent Application No. 13/684,473.

[5] Microsoft's IPR on the '242 Patent raises a procedural defect in the patent family's priority chain, causing earlier filed applications with the same disclosure as the Unchallenged Patents to become prior art to those patents. If the PTAB agrees with Microsoft's IPR on the '242 patent then all of the Unchallenged Patents suffer from the same fatal flaw.

MICROSOFT'S MOTION TO STAY  
PENDING INTER PARTES REVIEW  
Case No. 2:22-cv-00344-BJR

7

FISH & RICHARDSON P.C.  
1400 112TH AVE. SE, SUITE 100  
BELLEVUE, WA 98004  
TEL (650) 839-5070

of these proceedings and minimal resources expended in litigating this action to date, entering a stay will preserve the resources that would otherwise be required to litigate this case at a time when the merits of doing so are uncertain.").

As this case is in the earliest stage of discovery, the factor of the stage of this case weighs in favor of a stay.

### 3. ThroughPuter will not be unduly prejudiced by a stay.

Finally, ThroughPuter will not be unduly prejudiced by a stay pending resolution of Microsoft's IPR petitions. A delay in litigating a case, such as would be imposed by a stay, does not alone amount to undue prejudice. *New World Med. Inc.*, 2021 WL 952456, at *4 ("While a stay may ultimately result in a delay in resolving an action, this Court has 'found that mere delay does not demonstrate undue prejudice.'"). In fact, this case has been pending since March 2021, when ThroughPuter filed its complaint, and is still at the very beginning of discovery, with no obvious prejudice to ThroughPuter. Likewise ThroughPuter would not be prejudiced by a stay while the PTAB resolves Microsoft's pending IPR petitions. All IPR petitions have been filed and a decision from the PTAB regarding institution of all of the petitions is expected by approximately November 2022—a mere seven months from now.[6] Seven months for an initial stay will not cause any undue prejudice to ThroughPuter and weighs in favor of granting a stay. Should the IPRs be

---

[6] The IPR Petitions for the '833 and the '090 Patents were filed on February 4, 2022 and the petition for the '353 Patent was filed on February 11, 2022; the Notice of Filing Date for each is dated March 22, 2022, with the Preliminary Response from Patent Owner due within three months (June 22, 2022), making the PTAB's decision regarding institution due by approximately September 22, 2022. *See* 35 U.S.C. § 314(b). The IPR Petitions for the '306 and '242 Patents were filed on March 30, 2022 and April 4, 2022, respectively. While no Notice of Filing Date has been issued for either, they can be expected by approximately May 23, 2022, with a preliminary response from patent owner due by approximately August 23, 2022 and a PTAB decision regarding institution due by approximately November 23, 2022. *Id*.

| MICROSOFT'S MOTION TO STAY PENDING INTER PARTES REVIEW<br>Case No. 2:22-cv-00344-BJR | 8 | FISH & RICHARDSON P.C.<br>1400 112TH AVE. SE, SUITE 100<br>BELLEVUE, WA 98004<br>TEL (650) 839-5070 |
|---|---|---|

instituted, continuing the stay pending the resolution of the IPRs would also not unduly prejudice ThroughPuter.

In analyzing whether a stay would prejudice the non-moving party, courts often look to whether the parties are competitors. *New World Med. Inc.*, 2021 WL 952456, at *4 ("Competition between parties can weigh in favor of finding undue prejudice. A court must determine 'whether the patentee will be unduly prejudiced by a stay,' which 'focuses on the patentee's need for an expeditious resolution of its claim.'") (internal citations omitted). There is no evidence here that Microsoft and ThroughPuter are competitors or that ThroughPuter even practices the Asserted Patents.

As there is no evidence that a stay would unduly prejudice ThroughPuter, this factor weigh in favor of a stay.

## V.   CONCLUSION

Accordingly, Microsoft respectfully requests that its motion for a stay pending the resolution of its petitions for *inter partes review* be granted.

The parties met and conferred regarding this motion on February 9 and March 14, and exchanged subsequent emails on March 17.

MICROSOFT'S MOTION TO STAY
PENDING INTER PARTES REVIEW
Case No. 2:22-cv-00344-BJR

9

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

|   |   |
|---|---|
| Dated: April 18, 2022 | Respectfully submitted,<br><br>By: /s/ Betty Chen<br>Ahmed J. Davis (admitted *pro hac vice*)<br>adavis@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Suite 1000<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br><br>John S. Goetz (admitted *pro hac vice*)<br>goetz@fr.com<br>Excylyn J. Hardin-Smith (admitted *pro hac vice*)<br>Hardin-Smith@fr.com<br>FISH & RICHARDSON P.C.<br>7 Times Square, 20th Floor<br>New York, NY 10036<br>Telephone: (212) 765-5070<br><br>Matthew A. Colvin (admitted *pro hac vice*)<br>colvin@fr.com<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, TX 75201<br>Telephone: (214) 747-5070<br><br>Betty Chen (WA Bar No. 57993;<br>CA Bar No. 290588)<br>bchen@fr.com<br>FISH & RICHARDSON P.C.<br>1400 112th Ave. SE, Suite 100<br>Bellevue, WA 98004<br>Telephone: (650) 839-5070<br><br>*Counsel for Defendant Microsoft Corporation* |

MICROSOFT'S MOTION TO STAY
PENDING INTER PARTES REVIEW
Case No. 2:22-cv-00344-BJR

10

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing MICROSOFT CORPORATION'S TO STAY PENDING *INTER PARTES REVIEW* has been filed with the Court's ECF systems, and thereby served all parties and counsel designated to receive such notices, on April 18, 2022.

/s/ Betty Chen
Betty Chen (WA Bar No. 57993;
CA Bar No. 290588)
bchen@fr.com
FISH & RICHARDSON P.C.
1400 112th Ave., SE, Suite 100
Bellevue, WA 98004
Telephone: (650) 839-5070

MICROSOFT'S MOTION TO STAY
PENDING INTER PARTES REVIEW
Case No. 2:22-cv-00344-BJR

11

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070