UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THROUGHPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | No. 2:22-cv-344-BJR <br><br> ORDER DIRECTING PARTIES TO FILE JOINT STATUS REPORT |

This patent infringement case was transferred to this Court on March 23, 2022, from the U.S. District Court for the Eastern District of Virginia. Plaintiff's complaint in this case asserts infringement claims concerning nine patents.

The case was transferred to this Court with a pending partial motion to dismiss that Defendant Microsoft Corporation had filed on May 27, 2021, and that was fully briefed by June 16, 2021. *See* Dkt. No. 27. Defendant's pending partial motion to dismiss seeks dismissal of Plaintiff's claims of willful and indirect infringement. *Id.* The U.S. District Court for the Eastern District of Virginia indicated in its transfer order that it deferred consideration of Defendant's partial motion to dismiss to this Court. Dkt. No. 62.

On April 13, 2022, Plaintiff ThroughPuter, Inc. filed another patent infringement complaint in this Court against Defendant. *See ThroughPuter, Inc. v. Microsoft Corp.*, No. 2:22-cv-492-BJR. The newly filed case asserts infringement claims concerning two patents. Plaintiff filed notice that

ORDER - 1

its newly filed case is related to its earlier filed case, stating that the two cases "include the same parties and assert infringement of patents having common or overlapping claims of priority." *Id.*, Dkt. No. 6.

On April 18, 2022, Defendant filed a motion to stay this case pending *inter partes* review. Dkt. No. 82. Under the Court's Standing Order for All Civil Cases, Plaintiff's response to Defendant's motion to stay is due by May 9, 2022. In its motion to stay, Defendant contends that Plaintiff's newly filed case (*i.e.*, No. 2:22-cv-492-BJR) should be consolidated with this one and also stayed. Dkt. No. 82 at 4.

The Court is mindful that Defendant's partial motion to dismiss Plaintiff's claims for willful and indirect infringement has now been pending for over ten months. However, in light of Defendant's filing of its motion to stay pending *inter partes* review and in the interest of judicial efficiency, the parties are advised that the Court is inclined to defer consideration Defendant's partial motion to dismiss (Dkt. No. 27) pending the Court's ruling on Defendant's recently filed motion to stay (Dkt. No. 82). The Court is also uncertain whether supplemental briefing on Defendant's partial motion to dismiss would be appropriate in light of the amount of time that has passed since the motion was filed, or whether the parties met and conferred before the motion was filed to determine whether the alleged defects in Plaintiff's complaint could be cured by an amended pleading.[1]

The Court directs the parties to meet and confer and to submit a joint status report by May 20, 2022, that provides their respective views on the following issues:

---

[1] As the parties should be aware, the Court's Standing Order for All Civil Cases provides that "[a] motion pursuant to Fed. R. Civ. P. 12(b) is discouraged if the defect can be cured by an amended pleading", and that the Court requires parties to meet and confer prior to filing a motion to dismiss pursuant to Rule 12(b) in order to determine whether it can be avoided. Dkt. No. 64 at 3.

ORDER - 2

(1) Whether either party objects to the Court deferring consideration of Defendant's partial motion to dismiss pending the Court's ruling on Defendant's motion to stay;

(2) Whether this case should be consolidated with Plaintiff's recently filed case *ThroughPuter, Inc. v. Microsoft Corp.*, No. 2:22-cv-492-BJR; and

(3) Any additional suggestions from the parties on case management in light of the two pending motions in this matter and Plaintiff's recent filing of a related case.

The Court expects that briefing on the motion to stay will proceed as scheduled.

Dated: April 11, 2022

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 3