The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THROUGHPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | No. 2:22-cv-00344-BJR <br><br> JOINT STATUS REPORT |

Pursuant to the Court's Order dated May 11, 2022, the parties respectfully submit this Joint Status Report. The Court's Order directs the parties to address three issues. The parties address Issue Nos. 1 and 2 together due to substantial overlap and agreement between the two issues. Issue No. 3 is addressed separately by both parties.

**Issue No. 1:  Whether the parties object to deferring consideration of Microsoft's partial motion to dismiss pending the Court's ruling on Microsoft's motion to stay.**

**Issue No. 2:   Whether this case should be consolidated with *ThroughPuter, Inc. v. Microsoft Corp.*, No. 2:22-cv-492-BJR.**

Both parties agree that this case should be consolidated with *ThroughPuter, Inc. v. Microsoft Corp.*, No. 2:22-cv-492-BJR. Microsoft has also filed a partial motion to dismiss in No. 2:22-cv-492 raising the same issues as its partial motion to dismiss filed in this case. While neither party objects to the Court deferring consideration of Microsoft's partial motions to dismiss in either

JOINT STATUS REPORT - 1
Civil Action No. 22-CV-00344-BJR

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

of the related cases, the parties have met and conferred and reached agreement on a way to resolve Microsoft's two partial motions to dismiss through amendment of ThroughPuter's complaint.

Specifically, ThroughPuter has agreed to file a single amended pleading in the consolidated cases, which omits ThroughPuter's claims for indirect infringement without prejudice to ThroughPuter's ability to seek leave to amend its complaint pending further discovery and consistent with the Court's Scheduling Order. In addition, ThroughPuter has agreed to limit its claims of willful infringement to the time of filing of both complaints in the related cases with respect to nine of the eleven asserted patents, again subject to ThroughPuter's ability to seek leave to amend its complaint pending further discovery. Microsoft did not challenge ThroughPuter's pleading of claims for willful infringement of the other two asserted patents (U.S. Patent Nos. 9,632,833 and 9,424,090).

The parties agree that it would be most sensible for ThroughPuter to file a single amended pleading in the consolidated cases. During the meet and confer process, Microsoft took the position that its answer to that single amended pleading should await the Court's ruling on Microsoft's motion to stay. ThroughPuter does not object to that course of action, subject to: a) the Court staying its deadline to oppose Microsoft's partial motion to dismiss in No. 2:22-cv-492-BJR; b) its positions discussed below in connection with Issue No. 3.

**Issue No. 3:** Additional suggestions from the parties on case management in light of the two pending motions in this matter and Plaintiff's recent filing of a related case.

**ThroughPuter's position:**

ThroughPuter filed its complaint in this case 14 months ago. ThroughPuter respectfully submits that the consolidated case envisioned by the parties should move forward now pending the Court's decision on Microsoft's motion to stay and Microsoft's eventual answer. While the pleadings are not yet closed, the parties have reached agreement on which claims will have been

JOINT STATUS REPORT - 2
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

plead.  As such, there is no need to await a formal answer to begin making further progress in this case.  Indeed, the parties began taking discovery in July 2021, pending Microsoft's answer.

As explained in ThroughPuter's Opposition to Microsoft's motion to stay, ThroughPuter's position is that Microsoft's motion is premature given that the Patent Trial and Appeal Board has not yet decided whether it will institute *inter partes* review.  *See* Dkt. 83 at 3-4.  The PTAB's last decision on institution is not expected until November 2022.  In addition, ThroughPuter's Opposition explains that ThroughPuter will be unduly prejudiced by further delay.  *See id*. at 14.  As such, ThroughPuter's suggestion is to move this case forward now through the Local Patent Rules schedule.

The parties have agreed upon the Proposed Schedule set forth in Exhibit A, subject to Microsoft's position set forth below.  Under the Proposed Schedule, the parties would file a Combined Joint Status Report and Discovery Plan required by Federal Rule of Civil Procedure 26(f) on June 3, 2022.  The parties held the required Rule 26(f) conference in July 2021 and have reached agreement on numerous issues that must be addressed in a Rule 26(f) report.  The parties should be able to further confer on any issues that are yet to be addressed in short order.

The filing of the Combined Joint Status Report and Discovery Plan would act as the triggering event for the Local Patent Rules schedule.  The parties would then be able to progress through the service of infringement, noninfringement, and invalidity contentions.  Next, the parties would move on to claim construction with the last PTAB decision on institution being issued *before* claim construction briefing is to begin and *before* the Court would become involved in claim construction.  The parties have agreed to adjust the presumptive timing of the Local Patent Rules to account for the particular circumstances of this case and other scheduling issues.

JOINT STATUS REPORT - 3
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

If the PTAB institutes none, some, or all of Microsoft's petitions for *inter partes* review the parties can confer to determine how to best proceed in view of the decisions on institution. Indeed, with the two cases consolidated, more than half of the asserted patents will *not* be subject to even an IPR petition. While Microsoft may argue that a favorable decision in connection with its challenge to U.S. Patent No. 10,430,242 would apply to the unchallenged patents, as ThroughPuter explained in its stay briefing, ThroughPuter's view is that Microsoft is unlikely to prevail. Dkt. 83 at 6-10. Moreover, ThroughPuter intends to file its preliminary response to Microsoft's '242 patent petition in June—well in advance of its August deadline to do so. As such, the Court and parties will have the benefit of the PTAB's decision on institution sometime in September under the PTAB's statutory timeline for issuing decisions on institution—well before claim construction would begin under the Proposed Schedule.

**Microsoft's position:**

Microsoft seeks a stay of this case pending the outcome of the petitions it has filed for inter partes review (IPR) on five of the nine Asserted Patents in this case. Dkt. 82. Although Microsoft did not file for IPR on four of the Asserted Patents, those patents are closely related to the patents subject to IPR and a favorable determination by the PTAB will affect the remaining patents. Granting a stay would eliminate potential wasted judicial resources by forcing parties to litigate patent claims that may be found unpatentable by the PTAB or negatively impacted by the PTAB's determinations. Microsoft is still evaluating the two patents at issue in the second-filed case, but expects to file IPRs on those patents, as well.

At bottom, starting the cases now has a high likelihood of wasting resources. These are complex cases, with 11 highly complex patents spread across three patent families. Even familiar tasks such as invalidity contentions, discovery, and claim construction will be more resource-

JOINT STATUS REPORT - 4
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

intensive than the typical patent case. It would be a waste to do that significant work only to learn later that the patent office instituted IPRs on all of the patents and that the case is likely to go away.

If the Court does not grant Microsoft's stay pending institution, then Microsoft requests the Court enter the schedule the parties propose in Exhibit A. While these proposed dates are slightly longer than what the Local Patent Rules suggest, Microsoft believes that the sheer size of the case, with 11 patents and extremely complex claims, justifies the adjustment from the Court's typical schedule. Finally, although the parties have agreed to a proposed schedule, Microsoft believes that none of the dates should start until the stay motion is decided. Thus, in the event that the Court defers ruling on the stay motion, Microsoft believes the dates should be adjusted to begin one week after the Court rules on the stay motion (if the stay is not granted).

DATED this 20th day of May, 2022.

LOWE GRAHAM JONES<sup>PLLC</sup>

s/Lawrence D. Graham
Lawrence D. Graham, WSBA No. 25402
Graham@LoweGrahamJones.com
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
T: 206.381.3300
F: 206.381.3301

Gardella Grace P.A.

W. Cook Alciati (admitted *pro hac vice*)
80 M Street SE, 1st Floor
Washington D.C. 20003
T: 703-721-8379
calciati@gardellagrace.com

Michael Dorfman (admitted *pro hac vice*)
2502 North Clark Street, Suite 222
Chicago, Illinois 60614
T: 703-415-9344
mdorfman@gardellagrace.com

JOINT STATUS REPORT - 5
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 1 | *Attorneys for Plaintiff ThroughPuter, Inc.* |
| 2 | FISH & RICHARDSON P.C. |
| 3 | s/Betty Chen |
| | Ahmed J. Davis (admitted *pro hac vice*) |
| 4 | adavis@fr.com |
| | FISH & RICHARDSON P.C. |
| 5 | 1000 Maine Avenue, SW |
| | Suite 1000 |
| 6 | Washington, DC 20024 |
| | Telephone: (202) 783-5070 |
| 7 | |
| | John S. Goetz (admitted *pro hac vice*) |
| 8 | goetz@fr.com |
| | Excylyn J. Hardin-Smith (admitted *pro hac vice*) |
| 9 | Hardin-Smith@fr.com |
| 10 | FISH & RICHARDSON P.C. |
| | 7 Times Square, 20th Floor |
| 11 | New York, NY 10036 |
| | Telephone: (212) 765-5070 |
| 12 | |
| | Matthew A. Colvin (admitted *pro hac vice*) |
| 13 | colvin@fr.com |
| | FISH & RICHARDSON P.C. |
| 14 | 1717 Main Street, Suite 5000 |
| | Dallas, TX 75201 |
| 15 | Telephone: (214) 747-5070 |
| 16 | Betty Chen (WA Bar No. 57993; |
| | CA Bar No. 290588) |
| 17 | bchen@fr.com |
| | FISH & RICHARDSON P.C. |
| 18 | 1400 112th Ave. SE, Suite 100 |
| | Bellevue, WA 98004 |
| 19 | Telephone: (650) 839-5070 |
| 20 | *Counsel for Defendant Microsoft Corporation* |

JOINT STATUS REPORT - 6
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301