The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

THROUGHPUTER, INC.,

     Plaintiff

     v.

MICROSOFT CORPORATION,

     Defendant

NO. 2:22-cv-00344-BJR

**MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW**

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES*
*REVIEW*
Case No. 2:22-cv-00344-BJR

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

1

# TABLE OF CONTENTS

2   I.      ARGUMENT ................................................................................................. 1

3           A.      Pre-institution Stay is Appropriate ......................................................... 1

4           B.      A Stay Pending Resolution of Microsoft's IPRs Will Simplify the Issues in the
5                   Case......................................................................................................... 2

6                   1.      If Microsoft's IPRs are successful, no issues in this case remain to be
                            litigated. .................................................................................... 2

7
8                   2.      ThroughPuter's critique of Microsoft's '242 IPR is unavailing. ................ 3

9                   3.      ThroughPuter's '306 Patent claims and Microsoft's '709 patent claims are
                            substantially different and no judicial estoppel attaches to Microsoft's
10                          '306 IPR Petition........................................................................... 4

11                  4.      Staying this case will preserve judicial resources. ..................................... 5

12          C.      This Case is Indisputably at An Early Procedural Stage and Favors a Stay........... 6

13          D.      ThroughPuter Provides No Evidence That It Will Be Prejudiced By a Stay.......... 7

14  II.     CONCLUSION.................................................................................................... 8

15

16

17

18

19

20

21

22

23   MICROSOFT'S REPLY IN SUPPORT OF ITS                    i                     FISH & RICHARDSON P.C.
     MOTION TO STAY PENDING *INTER PARTES*                                        1400 112TH AVE. SE, SUITE 100
24   *REVIEW*                                                                     BELLEVUE, WA 98004
     Case No. 2:22-cv-00344-BJR                                                  TEL (650) 839-5070
25

26

27

28

ThroughPuter spends much of its response litigating Microsoft's IPR petitions pending before the PTAB, but this does not change the fact that the three-factor analysis that the Court must undergo in considering whether a stay should be granted weighs overwhelmingly in favor of granting a stay.  First, Microsoft's IPRs impact every asserted patent and there is little doubt that pausing the case to give the PTAB time to institute the IPR petitions will simplify the issues in this case.  Second, this case undeniably is in its infancy.  The parties have proposed a schedule that start with exchange of contentions and plainly show agreement that the *entire* case is in front of us.  Finally, the stay will not cause ThroughPuter any undue prejudice.  Having filed this lawsuit, ThroughPuter cannot now complain that it is hard to raise money while it has a litigation pending, particularly after recently filing a third case against Microsoft, this time in the United Kingdom.  ThroughPuter was always free to narrow its case and focus the issues to get things moving, but instead it is constantly expanding the scope of its allegations.

## I.    ARGUMENT

### A.    Pre-institution Stay is Appropriate

There is recent precedent in this district for Courts granting pre-institution stays.  *See, e.g., New World Med. Inc. v. MicroSurgical Tech. Inc.*, No. 220CV01621RAJBAT, 2021 WL 952456, at *3 (W.D. Wash. Feb. 18, 2021), *report and recommendation adopted*, No. 220CV01621RAJBAT, 2021 WL 949382 (W.D. Wash. Mar. 12, 2021); *Nat'l Prods., Inc. v. Akron Res., Inc.*, No. 15-1984JLR, Dkt. No. 66 (W.D. Wash. Oct. 14, 2016).  Whether a stay should be granted is based on the three-factor analysis of "(1) whether a stay will simplify the issues in question and trial of the cases, (2) the stage of the litigation, and (3) whether the stay will unduly prejudice the non-moving party."  *Nat'l Prods., Inc. v. Akron Res., Inc.*, No. 15-

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES
REVIEW*
Case No. 2:22-cv-00344-BJR

1

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

1984JLR, Dkt. No. 66 at 6 (W.D. Wash. Oct. 14, 2016). Each of these factors weigh in favor of stay of this case.[1]

### B.    A Stay Pending Resolution of Microsoft's IPRs Will Simplify the Issues in the Case

ThroughPuter devotes most of its argument to the first factor of whether a stay will simplify the issues in question and trial of the case, but its arguments have no merit.

#### 1.    If Microsoft's IPRs are successful, no issues in this case remain to be litigated.

ThroughPuter argues that there are Unchallenged Patents remaining to be litigated even if Microsoft's IPRs are instituted, but this only underscores why the Court should grant a stay of this case pending *resolution* of Microsoft's IPRs. If Microsoft's IPRs are successful, then the Unchallenged Patents fall as well. As referenced in Microsoft's opening brief, the '242 Patent belongs to the same patent family as the Unchallenged Patents (Opening Br. at 2). The '242 IPR Petition is premised on a faulty priority chain, so if the '242 patent is found unpatentable at the PTAB, all of the Unchallenged Patents in the same family suffer from that same defect. This means that ThroughPuter's own disclosure will become powerful prior art to the Unchallenged Patents and places those patents in a hopeless position—either the disclosure renders the Unchallenged Patent claims invalid or else ThroughPuter does not have written description support under 35 U.S.C. §112. Ultimately, if the '242 IPR is successful, the rest of the patents in the family will fail as a matter of law. This would eliminate all the Asserted Patents, leaving no issues left to be litigated in this case.

ThoughPuter makes much fuss about Microsoft's stipulation that it will not assert the same grounds for invalidity of the '242 Patent in district court as asserted in the IPR, should the

---

[1] In the recently-filed Joint Status Report, ThroughPuter agreed that the two cases pending in this district should be consolidated and that the stay decision should apply to both cases.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES REVIEW*
Case No. 2:22-cv-00344-BJR

2

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

PTAB grant institution, while also reserving the right to assert the same invalidity grounds in district court, should the PTAB not institute IPR.  Microsoft believes in the arguments in the '242 petition.  To streamline the issues in front of the court, Microsoft stipulates that if it is not successful in the '242 IPR, then it will not raise the invalidity grounds asserted in that IPR in the district court case against the Unchallenged Patents.

### 2.   ThroughPuter's critique of Microsoft's '242 IPR is unavailing.

ThroughPuter's attempt to litigate the merits of the '242 IPR in its opposition only serves to cloud the clear issue of simplifying this case through use of a stay.  ThroughPuter's argument that the priority challenge in Microsoft's '242 IPR petition is precluded by 35 U.S.C. §120 is disingenuous at best.  It ignores the full statutory text of §120 and unhelpfully omits the most important part, which says that "No application shall be entitled to the benefit of an earlier filed application under this section unless an amendment containing *the specific reference* to the earlier filed application is submitted at such time during the pendency of the application *as required by the Director.*" (emphasis added).

The statutory language shows that Congress gave the Director authority to prescribe regulations for implementing the "specific reference" requirement.  ThroughPuter did not follow the Director's requirements and thus failed to establish priority.  *See, e.g., Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.*, 741 F.3d 1359, 1366 (Fed. Cir. 2014) (noting the PTO's "implementing regulation for § 120"); *Droplets, Inc. v. E\*TRADE Bank*, 887 F.3d 1309, 1315-16 (Fed. Cir. 2018) (same).  In fact, ThroughPuter even admitted this defect to the USPTO in the Reissue Application 16/047,761 (a reissue application in the '242 Patent's family), stating that "the error on which this reissue is based is the <u>failure to claim priority to prior-filed domestic applications,</u> particularly, prior underlying patents and prior provisional applications.  It is the Applicant's belief that <u>the original patent is wholly or partially inoperative or invalid due to the</u>

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES
REVIEW*
Case No. 2:22-cv-00344-BJR

3

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

patent's lack of [a] correct and complete domestic priority claim.  Without correcting this error, applicant could not provide the correct domestic priority claim." IPR2022-00758, Ex. 1009 at 170.

ThroughPuter oversimplifies Microsoft's '242 Petition argument by reducing it to an apparent ADS form error.  ThroughPuter then knocks down this straw man, alleging it corrected and the USPTO accepted the correction.  That's not Microsoft's argument and it it ignores a critical point: the USPTO's regulations allow applicants to correct ADS errors *only* by filing a reissue application.  And from that point, to maintain the priority benefits regained through reissue, ThroughPuter needed to keep filing reissue continuation applications, which it did not do.  This is the crux of the IPR petition and why, if successful, the Unchallenged Patents will also fall with the '242 Patent.

ThroughPuter mischaracterizes the premise of Microsoft's '242 Petition, waters down the 79-page petition to a few pages of argument in its opposition brief, dooms it to failure, and invites the Court to moot what it claims is the premise of the '242 Petition.  The Court should reject this oversimplification and grant a stay pending the resolution of Microsoft's IPRs, allowing the PTAB the opportunity to fully examine the challenges to the Asserted Patents that Microsoft sets forth in its IPRs.

   3.    **ThroughPuter's '306 Patent claims and Microsoft's '709 patent claims are substantially different and no judicial estoppel attaches to Microsoft's '306 IPR Petition.**

ThroughPuter's argument that Microsoft's IPR challenge of the '306 Patent is essentially inviting the PTAB to find one of its own patents invalid is convoluted and false.  The claims of Microsoft's '709 patent are patentably distinct from those of ThroughPuter's '306 patent. Microsoft provides the same table in Chen Decl. Exhibit C, which shows a side-by-side comparison of patent claims, that ThroughPuter used to make the same allegation in its

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES
REVIEW*
Case No. 2:22-cv-00344-BJR

4

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

1  Complaint.  (Dkt. No. 1, ¶ 83.)  Microsoft has highlighted the language of the claims in the '709

2  patent that is different from the '306.  Although ThroughPuter admitted to trying to copy

3  Microsoft's claims, the claims ThroughPuter obtained are significantly different from those in

4  Microsoft's '709 patent—because the system described in each of the specifications are

5  different.

6              **4.        Staying this case will preserve judicial resources.**

7              ThroughPuter boldly asserts that the fact that Microsoft had not yet answered, moved to

8  stay or filed IPR petitions in its second suit against Microsoft (asserting two patents covering the

9  same technology) a mere month prior to its opposition brief, somehow provides grounds to deny

10  a stay.  If anything, this actually shows why a stay ought to be granted (and why the two cases

11  should be consolidated).  ThroughPuter never acknowledges that the technology covered by its

12  second suit is the same technology at issue in this suit.[2]  Instead, it resorts to throwaway points

13  like arguing that the fact that Microsoft has not filed IPR petitions on the two patents asserted in

14  the second suit is a justification for denying a stay—even though by even the most conservative

15  standards, one month post-complaint is an unreasonable period of time to prepare an IPR.  In any

16  event, ThroughPuter's second suit involving different, newly issued patents on the same

17  technology is not a basis to deny a stay—it is instead a basis to consolidate and stay both cases

18  (as ThroughPuter agreed to do in the Joint Status Report).

19              ThroughPuter also mentions a third lawsuit that it has initiated against Microsoft in the

20  U.K.— on April 7, 2022, shortly after this case was transferred to this district—that it expects to

21  go to trial next year, and argues that this is somehow a basis for why a stay should not be

22  granted.  ThroughPuter provides no detail about this U.K. litigation, only that it "expects some

23  ───────────────

24  [2] The two patents asserted in ThroughPuter's second suit (U.S. Patent Nos. 11,036,556 and

25  11,150,948) are in the same patent families as two of the Asserted Patents: the '353 patent and
   the '306 patent, respectively.

26  MICROSOFT'S REPLY IN SUPPORT OF ITS              5              FISH & RICHARDSON P.C.
   MOTION TO STAY PENDING *INTER PARTES*                         1400 112TH AVE. SE, SUITE 100
27  *REVIEW*                                                            BELLEVUE, WA 98004
   Case No. 2:22-cv-00344-BJR                                      TEL (650) 839-5070

28

overlap between the U.S. and U.K. litigations" (ThroughPuter Br. at 12) and that "[s]taying this case while the U.K. litigation proceeds may result in further inefficiencies" (*id.*). ThroughPuter does not elaborate on how the U.S. and foreign cases are related, nor does it explain what it means by "further inefficiencies." It provides no rationale why this should be considered as part of the analysis whether to grant a stay in this case, and Microsoft sees no reason why the Court should give it any weight.

**C.      This Case is Indisputably at An Early Procedural Stage and Favors a Stay**

The parties agree that this case is at an early procedural stage; where the parties disagree is whether this fact weighs in favor of a stay. It does. ThroughPuter attempts to spin this fact as a neutral factor, by blaming the stage of the case on Microsoft. Not only is that inaccurate, it is irrelevant. ThroughPuter's complaint was deficient in part and so Microsoft sought to dismiss the indirect and willful infringement claims. ThroughPuter brought suit in a district that is not home to Microsoft and so Microsoft sought to transfer the case to this district. Microsoft was entitled to respond to those strategic choices ThroughPuter made, and it should not be penalized for doing so. And despite no case scheduling order ever being entered in the case while it was pending in the Eastern District of Virginia, Microsoft engaged in informal discovery that was mutually agreed upon by the parties, including a round of discovery requests and responses and document production. Notably, ThroughPuter admits (at 12-13) that Microsoft's Rule 12(b)(6) motion could be mooted were ThroughPuter to file an amended pleading, yet did not do so (or even propose to do so) at any point during the 14-month pendency of this case. Thus, the current procedural stage of this case cannot be attributed solely to Microsoft's actions, as ThroughPuter suggests.

ThroughPuter argues that Microsoft intentionally delayed this case by suspending discovery and delaying its IPR. That's wrong. ThroughPuter's infringement contentions were

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES
REVIEW*
Case No. 2:22-cv-00344-BJR

6

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

deficient, and rather than supplement them so that Microsoft could ascertain how it believes

Microsoft infringes the Asserted Patents, ThroughPuter sought deposition of a Microsoft

employee.  And ThroughPuter acknowledges that it sought this deposition to develop further

infringement proof (ThroughPuter Br. at 13).  Microsoft did not unilaterally suspend discovery—

the parties were at an impasse—and ThroughPuter acknowledged it intended to file a motion to

compel the deposition the same week the case was transferred to this district (*id.* at 3).

By ThroughPuter's admission, this was a recent dispute, and therefore not one that

significantly impacted the procedural stage of the case.  The suggestion that Microsoft waited

until close to the IPR deadline to file its IPRs as a delay tactic also does not help—it's wrong as a

matter of fact, but even had Microsoft filed its IPRs earlier and then sought a stay pending IPR,

the procedural stage of the case would be identical because ThroughPuter never mooted the

motion to dismiss and did not agree to transfer.  There is simply no disputing that this case is in

its infancy, and this factor favors granting a stay pending resolution of Microsoft's IPRs.

### D.      ThroughPuter Provides No Evidence That It Will Be Prejudiced By a Stay

ThroughPuter claims that it will be prejudiced by a stay because it is actively fundraising,

but never explains how the pendency of this case hurts its ability to do that.  And none of

ThroughPuter's actions throughout this suit (and its subsequent suit in this district and in the

U.K.) indicate any sort of urgency to resolve pending litigation with Microsoft.  ThroughPuter

argues (at 14) that it will be prejudiced by a stay because of its active fundraising efforts

regarding its "streaming machine learning based Estimator ™ platform, which runs on

ThroughPuter's patented architecture," and relies heavily on the Van Der Weide declaration

(Dkt. No 85) in support.  Mr. Van Der Weide states that the pendency of this lawsuit makes

fundraising in the machine learning space "quite difficult" (*id.* ¶ 12) and that "[a]ny delay, even

slight, will directly undermine ThroughPuter's ability to attract investment" (*id.* ¶ 14).

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES*
*REVIEW*
Case No. 2:22-cv-00344-BJR

7

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

1    But this belies several facts: ThroughPuter initiated this suit and a subsequent separate

2    suit on patents covering the same technology in this district (not in EDVA), where the average

3    time to trial is faster and, as discussed herein, where ThroughPuter had every opportunity to

4    amend its complaint to moot the pending motion to dismiss and never did so.  ThroughPuter's

5    preemptive argument why it did not seek a preliminary injunction (purportedly because of

6    EDVA's short time to trial) also falls flat.  Since filing the original complaint, ThroughPuter has

7    filed a subsequent suit on patents covering the same technology in *this* district (with a median of

8    886 days to trial for patent cases)[3] without a preliminary injunction, thus indicating a willingness

9    to be subjected to a pending lawsuit on the same subject matter for years.  ThroughPuter has

10   simply provided no justification with particularity for how staying this cause will prejudice it.

11   The generalized statements about fundraising are not enough.  Accordingly, this factor falls in

12   favor of a stay.

13   **II.    CONCLUSION**

14       Accordingly, Microsoft respectfully requests that its motion for a stay pending the

15   resolution of its petitions for *inter partes* review be granted.

---

[3] *ThroughPuter, Inc. v. Microsoft Corp.*, Case No. 2:22-cv-492-BJR; *see* Chen Declaration, Exhibit D.

MICROSOFT'S REPLY IN SUPPORT OF ITS          8
MOTION TO STAY PENDING *INTER PARTES*
*REVIEW*
Case No. 2:22-cv-00344-BJR

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

Respectfully submitted,

Dated:  May 23, 2022                    By:  /s/ Betty Chen

Ahmed J. Davis (admitted *pro hac vice*)
adavis@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070

John S. Goetz (admitted *pro hac vice*)
goetz@fr.com
Excylyn J. Hardin-Smith (admitted *pro hac vice*)
Hardin-Smith@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070

Matthew A. Colvin (admitted *pro hac vice*)
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070

Betty Chen (WA Bar No. 57993;
CA Bar No. 290588)
bchen@fr.com
FISH & RICHARDSON P.C.
1400 112th Ave. SE, Suite 100
Bellevue, WA 98004
Telephone: (650) 839-5070

*Counsel for Defendant Microsoft Corporation*

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES
REVIEW*
Case No. 2:22-cv-00344-BJR

9

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

The undersigned hereby certifies that a true and correct copy of the above and foregoing

4

MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES*

5

REVIEW has been filed with the Court's ECF systems, and thereby served all parties and counsel

6

designated to receive such notices, on May 23, 2022.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Betty Chen*

Betty Chen (WA Bar No. 57993;
CA Bar No. 290588)
bchen@fr.com
FISH & RICHARDSON P.C.
1400 112th Ave., SE, Suite 100
Bellevue, WA 98004
Telephone: (650) 839-5070

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES*
*REVIEW*
Case No. 2:22-cv-00344-BJR

10

FISH & RICHARDSON P.C.
1400 112TH AVE. SE, SUITE 100
BELLEVUE, WA 98004
TEL (650) 839-5070