UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THROUGHPUTER, INC., <br><br>   Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br>   Defendant. | No. 2:22-cv-344-BJR <br><br> ORDER DENYING MICROSOFT'S MOTION TO STAY PENDING INTER PARTES REVIEW |

Presently before the Court is Defendant Microsoft Corporation's ("Microsoft") motion to stay this case pending *inter partes* review (the "Motion" or "Mot.," Dkt. 82). Plaintiff Throughputer, Inc. ("Throughputer") has filed a brief opposing the Motion (the "Opposition" or "Opp.," Dkt. 83). Having reviewed the Motion, the record of this case, and the relevant legal authorities, the Court DENIES the Motion. The reasons for the Court's decision are set forth below.

**I.     BACKGROUND**

Throughputer filed this patent infringement case on March 31, 2021, asserting infringement claims concerning nine patents. Dkt. 1. While the case was originally filed in the U.S. District Court for the Eastern District of Virginia, it was transferred to this Court on March 24, 2022. Dkt. 62. Between February 4 and April 4, 2022, Microsoft filed petitions for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") for five of the patents at issue in this

ORDER - 1

case. *See* Mot. at 8 n.6. On May 27, 2022, this case was consolidated with a second lawsuit Throughputer filed against Microsoft, *ThroughPuter Inc v. Microsoft Corporation*, No. 2:22-cv-492-BJR, which asserts infringement claims concerning two additional patents. Dkt. 89.

## II.  DISCUSSION

In reviewing a motion to stay pending IPR, the court considers: (1) whether a stay will simplify the issues in question, (2) the status of the case, and (3) whether a stay will unduly prejudice the non-moving party. *Pac. Bioscience Lab'ys, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011).

### A.  Whether a Stay Will Simplify the Issues

Courts routinely hold that motions to stay filed before the PTAB has instituted IPR are premature, and that granting a stay at that juncture will not simplify the issues. *See, e.g.*, *National Prod. Inc. v. Innovative Intelligent Prod., LLC*, No. 20-cv-428, 2021 WL 2636101, at *2 (W.D. Wash. June 25, 2021) (citing cases); *Cascade Designs Inc. v. Thunder Box Inc.*, No. 15-cv-987, 2016 WL 10591397, at *1 (W.D. Wash. Aug. 30, 2016) ("Because it is not certain the PTAB will grant Defendant's IPR Petition, the Court cannot conclude that a stay will simplify the issues in this case."). In *National Products*, for example, the court denied a motion to stay "because the PTAB ha[d] not yet decided whether it will even institute *inter partes* review on any grounds raised by Defendant in any of its petitions." 2021 WL 2636101, at *2. Absent any PTAB decision on institution, the court could not "conclude that a stay will simplify the issues before it," and it therefore, "consistent with other courts deciding such motions under the same timeframe, [found] the request to be premature." *Id.*

This Court agrees, and finds that the Motion, for the same reason, is premature. While the parties dispute the likelihood of success of Microsoft's IPR petitions (Opp. at 6-11; Dkt. 88

ORDER - 2

(Microsoft's "Reply") at 3-5), and Microsoft has supplied statistics reflecting that "[h]istorically, the PTAB institutes 60% of IPR petitions on average" (Mot. at 5), the fact remains that the PTAB has not yet decided whether it will institute IPR on any of the petitions. It is therefore highly uncertain whether the PTAB will eventually make any findings simplifying the issues in this case.

Further, Microsoft has filed IPR petitions for only five of the nine patents at issue in the first-filed lawsuit, and for none of the two patents at issue in the second-filed lawsuit.[1] Therefore, it is quite likely that "the Court will still have to go through all steps of patent litigation." *National Prod.*, 2021 WL 2636101, at *2; *see National Prod., Inc. v. Gamber-Johnson LLC*, No. 2:12-cv-840, 2012 WL 3527938, at *2 (W.D. Wash. Aug. 14, 2012) (finding that existence of remaining valid patents "would seriously undermine the purpose of granting a stay because the Court and both parties would still incur many of the same costs"). Accordingly, the Court is convinced that granting a stay would not simplify this case.

### B.     The Status of the Case

While the case is in its early stages as far as discovery is concerned, both parties acknowledge that it has already been pending for 14 months and is significantly delayed due to various motion practice – *e.g.*, Microsoft's motion to transfer the case to this Court. *See* Opp. at 12-13; Reply at 6. At this point, according to Microsoft, the PTAB is not expected to decide whether to institute IPR until six months from now (*see* Mot. at 8), and if it does, it would not resolve the petitions for another eight to ten months (*see* Mot. at 1). Thus, if this Court were to grant a stay, this case – already pending for 14 months – could be at a virtual standstill for a year and a half or more. This Court will not sanction such a delay. *See Cascade Designs*, 2016 WL

---

[1] Microsoft has indicated that it expects to file IPR petitions on the patents at issue in the second-filed lawsuit (Dkt. 87 at 4), however it has not yet done so.

ORDER - 3

10591397, at *2 (finding that second factor weighed against stay in part because case had been pending for 13 months).

### C.     Prejudice to Throughputer

Microsoft contends that this delay would be "short enough that it will not unduly prejudice ThroughPuter." Mot. at 1. The Court finds otherwise. Not only is the expected delay anything but "short," but it could prove extremely harmful to Throughputer. Throughputer has demonstrated, through a declaration submitted by Daniel van der Weide, an advisor to and investor in the company (Dkt. 85), that the pending litigation is significantly hampering Throughputer's ability to raise capital. *Id.* ¶¶ 12, 14-17. According to van der Weide, given Throughputer's small "startup" size, the lengthy delay posed by the requested stay would further jeopardize the company's fundraising efforts and put it in danger of going out of business. *Id.* In light of this, it is clear that the requested stay would unduly prejudice Throughputer.

### III.     CONCLUSION

NOW, THEREFORE, the motion to stay is DENIED.

The Court directs the parties to submit, no later than June 6, 2022, a proposed case schedule modifying the dates indicated in the Proposed Schedule annexed to the parties' recent Joint Status Report (*see* Dkt. 87-1), so to align them with the timing of this Order.

Dated:  June 1, 2022

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 4