The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THROUGHPUTER, INC.,

    Plaintiff,

v.

MICROSOFT CORPORATION,

    Defendant.

NO. 22-cv-344-BJR

**ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY**

## I.  INTRODUCTION

ThroughPuter, Inc. initially asserted patent infringement of nine patents[1] against Microsoft Corporation in the Eastern District of Virginia on March 31, 2021. Compl., ECF No. 1. The case was transferred to this Court in March 2022, and subsequently consolidated with *ThroughPuter, Inc. v. Microsoft Corp.*, No. 2:22-cv-492-BJR, which was filed in the Western District of Washington on April 13, 2022, asserting patent infringement of two additional patents[2]. ECF Nos. 61, 62, 89. An amended complaint was filed in the consolidated case. Am. Compl., ECF No. 92.

---

[1] United States Patent Nos. 9,424,090 (the "'090 Patent"); 9,632,833 (the "'833 Patent"); 10,133,599 (the "'599 Patent"); 10,310,902 (the "'902 Patent"); 10,318,353 (the "'353 Patent"); 10,430,242 (the "'242 Patent"); 10,437,644 (the "'644 Patent"); 10,620,998 (the "'998 Patent"); and 10,963,306 (the "'306 Patent").

[2] United States Patent Nos. 11,50,948 (the "'948 Patent"); and 11,036,556 (the "'556 Patent"). These patents had not yet issued when ThroughPuter filed its original action in the Eastern District of Virginia.

ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY

- 1

Meanwhile, Microsoft filed petitions for *inter partes* review ("IPR") by the Patent Trial and Appeal Board ("PTAB") of seven of the eleven patents at issue. *See* Mot. 2, ECF No. 104. This case has been stayed pending resolution of the IPR proceedings. Stay Order, ECF No. 102. Now pending before the Court is Plaintiff ThroughPuter, Inc.'s Motion to Lift Stay and Request for Status Conference. Mot., ECF No. 104. Having reviewed the materials[3] and the relevant legal authorities, the Court will grant ThroughPuter's motion and lift the stay. The reasoning for the Court's decision follows.

## II.   BACKGROUND

ThroughPuter developed patents in cloud computing, computing acceleration, and related technologies beginning in 2010. Am. Compl. ¶ 27. In 2013, ThroughPuter reached out to Microsoft about a potential collaboration with its cloud computing team. *Id.* ¶¶ 2-3. ThroughPuter alleges that despite ongoing communications between them, in 2015, Microsoft filed patent applications on the same technologies disclosed by ThroughPuter to Microsoft without representing ThroughPuter's inventions. *Id.* ¶¶ 2-3, 7, 9. ThroughPuter claims that Microsoft's copying and infringement of its intellectual property has damaged ThroughPuter's prospects for raising startup capital and entering the market while Microsoft has scaled up "the world's largest and most successful cloud computing platform." *Id.* ¶¶ 4, 7, 10.

After ThroughPuter filed this lawsuit for patent infringement, Microsoft filed petitions for IPRs and filed a motion to stay this case pending resolution of the IPRs. Microsoft's Mot. Stay, ECF No. 82. Initially, this Court denied as premature Microsoft's motion to stay the case. Order Denying Stay, ECF No. 91. The Court also expressed concern over the significant delay in the case

---

[3] Including the motion, ECF No. 104; Microsoft's response in opposition, ECF No. 106; and ThroughPuter's reply, ECF No. 108; together with attached exhibits and the record of the case to date.

ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY

- 2

and the subsequent prejudice to ThroughPuter. *Id.* But shortly thereafter, the parties raised a discovery dispute that caused the Court to reexamine the denial. Stay Order, ECF No. 102. Upon reexamination, the Court determined that the PTAB's resolution of Microsoft's IPR petitions would simplify the issues, and this case was stayed. *Id.*

Since the case was stayed, the PTAB denied institution on four of the seven IPR petitions filed by Microsoft. Mot. 2, 4. Of the three remaining petitions, one has concluded without appeal, and two are pending ThroughPuter's appeal at the Federal Circuit Court of Appeals. *Id.* The parties estimate March 2025 for a decision from the Federal Circuit on these two petitions. *Id.* at 5, 7; Opp'n 4, ECF No. 106. Currently, nine of the eleven patents asserted by ThroughPuter are no longer subject to either IPR or appeal. Mot. 2. ThroughPuter has agreed that the two patents that are under appeal should not be litigated pending resolution but asks the Court to lift the stay as to the nine asserted patents that are not subject to any IPR proceeding. *Id.*

Additionally, ThroughPuter has filed two other lawsuits that Microsoft asserts are related to this case—one in the Western District of Texas against Amazon Web Services, Inc. (Case No. 1:22-cv-01095-DAE), and one against Microsoft in the United Kingdom (Claim No. HP-2022-000009). Opp'n 4-5.

### III.   DISCUSSION

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citations omitted, cleaned up). "The corollary to this power is the ability to lift a stay previously imposed." *Boyle v. Cnty. of Kern*, No. 1:03-cv-05162-OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008).  The Court considered three factors when determining whether to stay litigation pending IPR: (1) whether a stay will simplify the issues in question, (2) the status of the case, and (3) whether

ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY

- 3

a stay will unduly prejudice the non-moving party. *See* Order Denying Stay 2 (citing *Pac. Bioscience Lab'ys, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011)) (finding that the factors did not support a stay); Order Staying Case (finding on reconsideration that the PTAB's resolution of the IPR petitions would simplify the issues and granting the stay). Given the change in circumstances since the stay was granted in August 2022, the Court now considers these factors again to determine the propriety of maintaining the stay.

**A. Simplify the issues**

Microsoft did not file IPR petitions for four patents (the '599 Patent, the '902 Patent, the '644 Patent, and the '998 Patent). Reply 2, ECF No. 108. The PTAB issued decisions denying institution of IPRs for four patents (the '242 Patent, the '306 Patent, the '556 Patent, and the '948 Patent). Alciati Decl. ¶¶ 2-4, 6, ECF No. 105 (attaching excerpts of the decisions). The PTAB issued a decision on the '353 Patent, determining that some challenged claims are unpatentable. *Id.* ¶ 5. ThroughPuter did not appeal this decision, so it is final. Mot. 4. ThroughPuter appealed the PTABs decisions on the '833 and '090 Patents. *Id.*; Opp'n 1.  Therefore, none of the asserted patents have pending IPR proceedings. Although two patents remain under appeal, the landscape has changed dramatically from August 2022 when this case was stayed. The case for a stay on simplification grounds no longer applies.

Microsoft argues that the stay should continue until the appeals have concluded, because if ThroughPuter prevails on appeal, it intends to litigate the appealed patents. Opp'n 3. Microsoft contends that lifting the stay on the nine patents could lead to two separate litigations. *Id.* ThroughPuter notes, however, that a decision is expected in less than a year, and should it prevail in the appeals and pursue its assertion of the '833 and '090 Patents, the case schedule can be easily adjusted to avoid duplication of effort. Reply 3-4. ThroughPuter also notes that the final resolution

ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY

- 4

1   of the appealed patents will have little bearing on the issues relating to the nine valid patents. Mot.
2   4-5. While it is possible that the Federal Circuit will come to a different conclusion than did the
3   PTAB, the possibility does not weigh heavily against proceeding with the nine valid patents. *See*
4   *Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, CV 14-1430-LPS-CJB, 2018 WL 1061370,
5   at *2 (D. Del. Feb. 26, 2018).

**B.  Status of the case**

This case was stayed in its early stages as far as discovery is concerned, but it had already been significantly delayed at that time. Order Denying Stay 3. The Court initially denied a stay based partially on that delay. *Id.* The case has now been delayed over three years with virtually no progress towards resolution.  As Microsoft notes, at the time the case was stayed, there were still 15 months remaining in the case schedule. Opp'n 7. Based on the current circumstances, this weighs in favor of lifting the stay and allowing the case to proceed with a new schedule that can be adjusted as needed to accommodate a decision on the two patents under appeal. The Court agrees with ThroughPuter that "the existence of a stay, on its own, does not justify its perpetuation: this case would remain frozen in its nascent stage if the Court continued the stay." Mot. 4 (quoting *Oyster Optics, LLC v. Ciena Corp.*, 17-CV-05920-JSW, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019)).

**C.  Prejudice to ThroughPuter**

The Court previously found that ThroughPuter would be prejudiced by a stay. Order Denying Stay 4.  Microsoft argues that since ThroughPuter has managed to survive to this point, its concerns about continued existence as a precarious start-up company were, and are, unfounded. Opp'n 7. However, a plaintiff is always prejudiced by delay in seeking justice, and there appears to be little to gain in making ThroughPuter wait further to move this case forward now that the IPR

ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY

- 5

reviews are completed. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, CV 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (noting "that staying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff.").

### D. Cases in other jurisdictions

Although not related to lifting the stay pending IPR, Microsoft contends that the courts in two other cases are positioned to resolve issues germane to this litigation, one in the Western District of Texas against Amazon, and one in the United Kingdom against Microsoft. Opp'n 4-6. In the Western District of Texas, the briefing of a summary judgment motion will be complete by May 30, 2024, and if Amazon prevails, several of ThroughPuter's patents may be found invalid. *Id.* at 5. However, ThroughPuter notes that such a ruling would not impact the nine patents at issue in this case, and any ruling related to inventorship of patents that are not asserted against Microsoft will not serve to simplify this case. Reply 5. The United Kingdom litigation involves a ThroughPuter patent that is related to patents asserted in this case, and Microsoft argues that resolution in that proceeding would develop technical evidence relevant to this case. Opp'n 5-6. But a different patent is at issue, and it will be analyzed under United Kingdom law, not United States patent law. Although resolution in these other cases may have some evidentiary value, it does not add sufficient weight to change the Court's conclusion that it is appropriate to lift the stay previously imposed in this case.

Accordingly, the Court will grant ThroughPuter's motion to lift the stay in this case. The case will proceed with a revised scheduling order to be jointly proposed by the parties.

ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY

- 6

## IV. CONCLUSION

For the foregoing reasons,

1. Plaintiff ThroughPuter, Inc.'s Motion to Lift Stay and Request for Status Conference, ECF No. 104, is GRANTED; and

2. The parties shall confer and provide the Court with a joint status report and proposed revised scheduling order, due no later than June 21, 2024.

DATED this 24th day of May 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY

- 7