The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THROUGHPUTER, INC., <br> Plaintiff, <br> v. <br> MICROSOFT CORPORATION, <br> Defendant. | No. 2:22-cv-00344-BJR <br><br> AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.   General Principles**

1.   An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.   As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 1
Civil Action No. 22-CV-00344-BJR

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

      3.      On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

**B.    ESI Disclosures**

      Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

      1.      <u>Custodians</u>. The four custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control. The parties shall meet and confer in good faith to determine if additional custodians might be required.

**C.    Email Discovery Procedures**

      1.      <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

      a.    The requesting party is entitled to provide up to 10 search terms or queries to be used for email searching absent a showing of good cause or agreement of the parties.

      b.    The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer"

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 2
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

2. <u>After production</u>: Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 5 additional search terms or queries. The immediately preceding section (Section C(1)(b)) applies.

3. <u>Format</u>.

a. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 3
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

        d.     If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

        e.     The parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

        f.     The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

    4.     <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

    5.     <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

    6.     <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 4
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

and non-privileged: Beginning Bates Number; Ending Bates Number; Beginning Attachment; End Attachment; document type; custodian; all custodians; author; from; recipient/to; cc; bcc; title/subject; email subject; file name; file extension; date and time created (UTC), date sent, date last modified and/or received; pages; native file path; text path; production volume; confidentiality; and hash value.. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

**D.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.    The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.    Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 5
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

        a.    Deleted, slack, fragmented, or other data only accessible by forensics.

        b.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

        c.    On-line access data such as temporary internet files, history, cache, cookies, and the like.

        d.    Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

        e.    Back-up data that are duplicative of data that are more accessible elsewhere.

        f.    Server, system or network logs.

        g.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

        h.    Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.    Privilege**

1.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

2.    Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 6
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

DATED this 24th day of June, 2022.

L<small>OWE</small> G<small>RAHAM</small> J<small>ONES</small> <sup>PLLC</sup>

/s/ Lawrence D. Graham
Lawrence D. Graham, WSBA No. 25402
Graham@LoweGrahamJones.com
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
T: 206.381.3300
F: 206.381.3301

GARDELLA GRACE P.A.

W. Cook Alciati (admitted *pro hac vice*)
80 M Street SE, 1st Floor
Washington D.C. 20003
T: 703-721-8379
calciati@gardellagrace.com

Michael Dorfman (admitted *pro hac vice*)
2502 North Clark Street, Suite 222
Chicago, Illinois 60614
T:  703-415-9344
mdorfman@gardellagrace.com

*Attorneys for Plaintiff ThroughPuter, Inc.*

FISH & RICHARDSON P.C.

/s/ Betty Chen
Ahmed J. Davis (admitted *pro hac vice*)
adavis@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070

John S. Goetz (admitted *pro hac vice*)
goetz@fr.com
Excylyn J. Hardin-Smith (admitted *pro hac vice*)
Hardin-Smith@fr.com

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 7
Civil Action No. 22-cv-00344-BJR

L<small>OWE</small> G<small>RAHAM</small> J<small>ONES</small> <sub>PLLC</sub>
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070

Matthew A. Colvin (admitted *pro hac vice*)
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070

Betty Chen (WA Bar No. 57993;
CA Bar No. 290588)
bchen@fr.com
FISH & RICHARDSON P.C.
1400 112th Ave. SE, Suite 100
Bellevue, WA 98004
Telephone: (650) 839-5070

*Counsel for Defendant Microsoft Corporation*

## ORDER

IT IS SO ORDERED.

DATED: July 31, 2024.

*[signature: Barbara J. Rothstein]*

The Honorable Barbara J. Rothstein
UNITED STATES DISTRICT JUDGE

---

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 8
Civil Action No. 22-cv-00344-BJR

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301